This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**

     Plaintiff-Appellee,

v.

**CHARLES BATES,**

     Defendant-Appellant.

**NO. 29,929 - Consolidated with 29,930 & 29,931**

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant appeals from his convictions for criminal damage to property, extortion, harassment, and assault against a household member. We assigned *State v. Bates*, No. 29,931 to no calendar and, in the calender notice issued in that case, noted that Defendant had filed three appeals (Nos. 29,929, 29,930, 29,931) based on one judgment and sentence convicting Defendant of the charges listed above. We informed the parties that we would work all three cases together under No. 29,929, and that only one response need be filed to the calendar notices issued in Nos. 29,929 and 29,930. We now consolidate the three cases and issue this opinion under Court of Appeals No. 29,929. In the notices issued under 29,929 and 29,930, we proposed to affirm Defendant's convictions. Defendant has responded to our proposed disposition with a memorandum in opposition. We have duly considered Defendant's arguments, but we are not persuaded by them. We affirm.

Defendant contends that admission at trial of the preliminary hearing testimony given by his wife (Victim) violated his right to confrontation. Victim refused to testify at trial, and was found to be unavailable. "We apply a de novo standard of review as to the constitutional issues related to Defendant's rights under the Confrontation Clause." *State v. Massengill*, 2003-NMCA-024, ¶ 5, 133 N.M. 263, 62 P.3d 354 (filed 2002). Out of court testimonial statements made by a witness that is unavailable for trial will not be admissible unless the defendant had a prior

opportunity to cross-examine the witness. *See State v. Henderson*, 2006-NMCA-059, ¶ 13, 139 N.M. 595, 136 P.3d 1005. At the preliminary hearing, defense counsel was able to fully cross-examine Victim about her testimony. [MIO 3-5] There was no violation of Defendant's right to confrontation.

Defendant contends that there was insufficient foundation to allow the admission of the preliminary hearing tapes. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72 ("We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse."). Defendant claims that the tapes were never properly authenticated. Contrary to this claim, the parties' counsel were present at the preliminary hearing, the court clerk testified at trial that the tapes were those from the preliminary hearing, and defense counsel did not cross-examine the court clerk. [MIO 7] We hold that there was a sufficient foundation laid for admission of the tapes of the preliminary hearing.

Defendant also contends that the tapes did not sufficiently identify him. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Victim testified that she had been married to Defendant since 2002, that she was very familiar with Defendant's voice, and that

Defendant had called and left messages claiming that he was responsible for the damage to the home. Viewed in the light most favorable to the State, this was sufficient to identify Defendant as the person who called and left messages regarding damage to the home.

Defendant asserts that admission of voice mail messages violated his right to confrontation. The messages were voice mails received by Victim. She testified that she recognized Defendant's voice on the messages. During the testimony of two State's witnesses, the messages were played for the jury. The tapes were recordings of Defendant's voice, and contained Defendant's own prior statements, and were therefore not hearsay statements. *See* Rule 11-801(D)(2)(a) NMRA (providing that a statement is not considered hearsay if it offered against a party and is the party's own statement). Where statements are not hearsay statements, there is no violation of the right to confrontation. *See State v. Smith*, 2001-NMSC-004, ¶ 18, 130 N.M. 117, 19 P.3d 254. The messages were properly admitted.

Defendant claims that it was error for the district court to refuse his instruction on assault as a lesser-included offense of extortion. A defendant is entitled to jury instructions on his theory of the case if there is evidence to support the instruction. The failure to give such an instruction is reversible error. *State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69. Although the parties agreed that

4

assault could, under certain circumstances, be considered a lesser-included offense of extortion, the State argued successfully that the instruction submitted by Defendant required a finding that Defendant "was about to intrude" on his Victim's bodily integrity but there was no evidence to support such a finding. [MIO 13-14; RP73] The jury instruction submitted by Defendant required findings that Defendant threatened Victim, and consequently, she believed that Defendant "was about to intrude on [her] bodily integrity or personal safety by touching or applying force to [her] in a rude, insolent or angry manner." [RP 73] There was evidence presented showing that Defendant caused damage to the house and to Victim's car. [MIO 2-4] There was also evidence to show that Defendant threatened, in a phone message, to beat Victim if she did not return to their home. [MIO 5] Victim testified that Defendant knew she would not come home. [MIO 4] The threat to beat Victim if she did not come home was made by Defendant in a telephone message. Therefore, Victim was not faced with an immediate threat of harm to her person as contemplated by Defendant's submitted jury instruction. The instruction was not supported by the evidence in this case, and was properly refused.

Defendant contends that his convictions for extortion, criminal damage to property, and harassment violate his double jeopardy rights. As discussed in our calendar notice issued in Ct. App. No. 29,930, we explained that, even if the conduct

supporting the convictions in this case was unitary, Defendant's double jeopardy rights were not violated because none of these crimes are subsumed within the other under a strict elements test. *See State v. Sanchez*, 2000-NMSC-021, ¶ 33, 129 N.M. 284, 6 P.3d 486 (holding that when statutory elements are not subsumed within the other, it is presumed that the statutes proscribe distinct offenses). Extortion is the "communication or transmission of any threat to another by any means whatsoever with intent thereby to wrongfully obtain anything of value or to wrongfully compel the person threatened to do or refrain from doing any act against his will." NMSA 1978, § 30-16-9 (1963). Criminal damage to property is the intentional damage to "any real or personal property of another without the consent of the owner of the property." NMSA 1978, § 30-15-1 (1963). Harassment is "knowingly pursuing a pattern of conduct that is intended to annoy, seriously alarm or terrorize another person and that serves no lawful purpose. The conduct must be such that it would cause a reasonable person to suffer substantial emotional distress." NMSA 1978, § 30-3A-2(A) (1997). Each offense contains an element that is not an element of the other offenses. The convictions did not result in a violation of Defendant's right to be free from double jeopardy.

For the reasons discussed in this opinion and in our calendar notices issued in Ct. App. Nos. 29,929 and 29,930, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**ROBERT E. ROBLES, Judge**

_____

**TIMOTHY L. GARCIA, Judge**